JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD

Natalie S. Plummer

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____

Address of Defendant: _____

Place of Accident, Incident or Transaction: _____

---

*RELATED CASE, IF ANY:*

Case Number: _____     Judge: _____     Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?                                                 Yes ☐     No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?           Yes ☐     No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?     Yes ☐     No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?                                                                     Yes ☐     No ☐

I certify that, to my knowledge, the within case ☐ **is** / ☐ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____     /s/ Natalie S. Plummer _____     _____
                                        *Attorney-at-Law / Pro Se Plaintiff*                 *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

*A.*     *Federal Question Cases:*

☐  1.   Indemnity Contract, Marine Contract, and All Other Contracts
☐  2.   FELA
☐  3.   Jones Act-Personal Injury
☐  4.   Antitrust
☐  5.   Patent
☐  6.   Labor-Management Relations
☐  7.   Civil Rights
☐  8.   Habeas Corpus
☐  9.   Securities Act(s) Cases
☐  10.  Social Security Review Cases
☐  11.  All other Federal Question Cases
        *(Please specify): _____*

*B.*     *Diversity Jurisdiction Cases:*

☐  1.   Insurance Contract and Other Contracts
☐  2.   Airplane Personal Injury
☐  3.   Assault, Defamation
☐  4.   Marine Personal Injury
☐  5.   Motor Vehicle Personal Injury
☐  6.   Other Personal Injury *(Please specify): _____*
☐  7.   Products Liability
☐  8.   Products Liability – Asbestos
☐  9.   All other Diversity Cases
        *(Please specify): _____*

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐  Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐  Relief other than monetary damages is sought.

DATE: _____     Sign here if applicable _____     _____
                                        *Attorney-at-Law / Pro Se Plaintiff*                 *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

APPENDIX I

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

**CLIFTON SUKHU**

    **vs.**                       **No. 21-CV-**

**PEPPERIDGE FARM**, Inc.      **:**
                              **:**

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)  Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.        ( )

(b)  Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits        ( )

( c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)        ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  ( X )


**March 23, 2021**      */s/ Natalie S. Plummer*      **Attorney for Defendant**
**Date**             **Pamela A. Carlos, Esquire**    **Pepperidge Farm Inc.**

  **(215) 561-4300**        **(215) 561-6661**        **plummer@bbs-law.com**
**Telephone**           **FAX Number**         **E-Mail Address**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLIFTON SUKHU | : |
|              Plaintiff | :    CIVIL ACTION NO. |
| | : |
| v. | : |
| | : |
| PEPPERIDGE FARM, INC. | : |
| | : |
|              Defendants | : |

## <u>NOTICE OF REMOVAL</u>

PLEASE TAKE NOTICE that Defendant, Pepperidge Farm, Incorporated (hereinafter sometimes referred to as "Defendant"), by and through its undersigned counsel, Bennett, Bricklin & Saltzburg LLC, hereby removes the above-captioned action from the Court of Common Pleas of Montgomery County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. As grounds for removal, Defendant respectfully states as follows:

1. This is a civil action filed and now pending in the Court of Common Pleas of Montgomery County, Pennsylvania, Civil Action No.: 2020-14919.

2. Plaintiff initiated the action by filing his Complaint on February 23, 2021. Plaintiff alleges that he was injured in a motor vehicle accident which occurred on August 20, 2018 when the vehicle he was driving was hit by a vehicle driven by Francoise P. Errandonea, a Pepperidge Farm, Incorporated employee, within the Bahama Breeze restaurant parking lot, located at 320 Goddard Boulevard in Upper Merion Township, Pennsylvania. A true and correct copy of plaintiff's Complaint is attached hereto as Exhibit A.

3.      Defendant received the initial pleading in this lawsuit through service or otherwise on February 23, 2021, and therefore this Notice of Removal is timely filed within thirty (30) days. 28 U.S.C. § 1446(b).

4.      A copy of the written notice required by 28 U.S.C. § 1446(d), addressed to the adverse party and to the Montgomery County Court of Common Pleas, is attached hereto and will be filed with the Montgomery County Court of Common Pleas and served on plaintiff after the filing of this Notice of Removal in the United States District Court for the Eastern District of Pennsylvania.

## Jurisdiction Exists Under 28 U.S.C. § 1332

5.      This Notice of Removal is filed under the provisions of 28 U.S.C. § 1441 on the grounds that it is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a), because complete diversity exists between Plaintiff and Defendant, Pepperidge Farm, Incorporated, and because the amount in controversy exceeds the sum of $75,000, exclusive of interest and cost.

## The Parties are Diverse

6.      Plaintiff, Clifton Sukhu, was at the time this Complaint was filed, a citizen of the Commonwealth of Pennsylvania residing in King of Prussia, Pennsylvania.   Mr. Sukhu is currently a resident of Saint Cloud, Florida *See* Exh. A, Complaint at § 2.[1]

7.      Defendant, Pepperidge Farm, Incorporated is now, and was at the time plaintiff commenced his action and filed his Complaint, a corporation organized and existing under the

---

[1]      Complete diversity of citizenship exists whether Mr. Sukhu is a citizen of Pennsylvania or Florida as the defendant is not a citizen of either state.

laws of the State of Connecticut with its principal place of business in Connecticut.  Defendant

therefore is a citizen of Connecticut for purposes of diversity jurisdiction.  28 U.S.C. § 1332(c)(1).

### The Amount in Controversy Exceeds $75,000

8.      This Court also has subject matter jurisdiction based upon diversity of citizenship

because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and

costs.  28 U.S.C. § 1332(a), as set forth below:

(a)    The Complaint asserts claims against Defendant for various serious and permanent personal injuries, including disc herniations in plaintiff's cervical spine and other damages sustained by plaintiff as a result of the incident described in the Complaint. *See* Exhibit. A, Complaint, generally.

(b)    Further, plaintiff alleges in his complaint that he suffered significant and permanent back and neck pain, which has left him incapacitated and forced him to leave his job as a physician.  *See* Exhibit. A, Complaint at para 1.

(c)    Plaintiff's complaint asserts that his doctors have recommended that he undergo an anterior cervical discectomy fixation and fusion (ACDF/F) surgery to help alleviate his contact pain.  *See* Exhibit. A, Complaint para 35.

(d)    Plaintiff also alleges that he was forced to relocate from his home in King of Prussia, Pennsylvania to Florida [2] in order to stay with family members who can help care for him. *See* Exhibit. A, Complaint para 2.

9.      Given the nature of the injuries alleged, Defendant has adequately demonstrated by

a preponderance of the evidence that the amount in controversy exceeds $75,000.00, exclusive of

interest and costs.  *See* 28 U.S.C. §1446(c)(2)(B).

10.     Removal to the United States District Court for the Eastern District of Pennsylvania

is therefore proper because the parties are diverse and the amount in controversy exceeds Seventy-

Five Thousand Dollars ($75,000.00), exclusive of interests and costs.

---

[2]      The parties remain diverse even assuming Plaintiff's relocation to Florida changed his citizenship.

**11.** Accordingly, Defendant removes the within action to this Court pursuant to 28 U.S.C. § 1441.

**WHEREFORE**, Defendant, Pepperidge Farm, Incorporated, hereby removes this matter to the United States District Court for the Eastern District of Pennsylvania and requests that this Court assume jurisdiction over this matter.

Respectfully Submitted,

**BENNETT, BRICKLIN & SALTZBURG LLC**

By: _*Natalie S. Plummer, Esq.*_____
NATALIE S. PLUMMER, ESQUIRE
KATHERINE C. DOUGLAS, ESQUIRE
Attorneys for Defendant,
Pepperidge Farm, Incorporated

Date: 3/23/2021

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CLIFTON SUKHU | : | |
| Plaintiff | : | CIVIL ACTION NO. |
| | : | |
| v. | : | |
| | : | |
| PEPPERIDGE FARM, INC. | : | |
| | : | |
| Defendants | : | |

## <u>NOTICE TO PLAINTIFF</u>

To:    Clifton Sukhu
c/o Glenn A. Ellis, Esquire
Zachary S. Feinberg, P.C.
1500 Walnut Street, 18th Floor
Philadelphia, PA 19102

PLEASE TAKE NOTICE that Defendant, Pepperidge Farm, Incorporated, has filed a Notice of Removal in the United States District Court for the Eastern District of Pennsylvania, removing to that Court a civil action previously pending in the Court of Common Pleas of Montgomery County, Pennsylvania, Case No. 2019-25350.

PLEASE TAKE FURTHER NOTICE that a copy of the Notice of Removal will be filed with the Prothonotary of the Court of Common Pleas of Montgomery County, Pennsylvania.

**BENNETT, BRICKLIN & SALTZBURG LLC**

By:    _____*Natalie S. Plummer, Esq.*_____
NATALIE S. PLUMMER, ESQUIRE
KATHERINE C. DOUGLAS, ESQUIRE
Attorneys for Defendant,
Pepperidge Farm, Incorporated

Date:  3/23/2021

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CLIFTON SUKHU | : |
| Plaintiff | : CIVIL ACTION NO. |
| | : |
| v. | : |
| | : |
| PEPPERIDGE FARM, INC. | : |
| | : |
| Defendants | : |

**<u>CERTIFICATION OF FILING</u>**

Natalie S. Plummer, Esquire, hereby certifies that she is a member of the law firm of Bennett, Bricklin & Saltzburg LLC, attorneys for defendant, Pepperidge Farm, Incorporated and that she did direct the filing with the Prothonotary of the Court of Common Pleas of Montgomery County a copy of the Notice of Removal, attached hereto, said filing to be made on this date.

**BENNETT, BRICKLIN & SALTZBURG LLC**

By:    *Natalie S. Plummer, Esq.*
NATALIE S. PLUMMER, ESQUIRE
KATHRINE C. DOUGLAS, ESQUIRE
Attorneys for Defendant,
Pepperidge Farm, Incorporated

Dated: March 23, 2021

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CLIFTON SUKHU | : |
| Plaintiff | : CIVIL ACTION NO. |
| v. | : |
| PEPPERIDGE FARM, INC. | : |
| Defendants | : |

COMMONWEALTH OF PENNSYLVANIA          :                              §

COUNTY OF PHILADELPHIA                          :

      Natalie S. Plummer, Esquire, after being first duly sworn upon oath, deposes and says that she is a member of the law firm of Bennett, Bricklin & Saltzburg LLC, attorneys for the defendant, that she did serve this 23rd day of March, 2021, the aforementioned Notice to plaintiffs upon the individual named below by electronic mail to:

      Clifton Sukhu
      c/o Glenn A. Ellis, Esquire
      Zachary S. Feinberg, P.C.
      1500 Walnut Street, 18th Floor
      Philadelphia, PA 19102

                         **BENNETT, BRICKLIN & SALTZBURG LLC**

           By:     *Natalie S. Plummer, Esq.*
                 NATALIE S. PLUMMER, ESQUIRE
                 KATHRINE C. DOUGLAS, ESQUIRE
                 Attorneys for Defendant,
                 Pepperidge Farm, Incorporated

Dated: March 23, 2021

# Exhibit "A"

Case 2:21-cv-01372-JHS    Document 1    Filed 03/23/21    Page 12 of 22

CLIFTON SUKHU

vs.

PEPPERIDGE FARM INC

NO. 2020-14919

## NOTICE TO DEFEND - CIVIL

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

LAWYER REFERENCE SERVICE
MONTGOMERY  BAR ASSOCATION
100 West Airy Street (REAR)
NORRISTOWN, PA 19404-0268

(610) 279-9660, EXTENSION 201

PRIF0034
R 10/11

Case # 2020-14919-4 Docketed at Montgomery County Prothonotary on 02/23/2021 9:03 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2020-14919-4 Docketed at Montgomery County Prothonotary on 02/23/2021 9:03 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**FREIWALD LAW, P.C.**
By:     Glenn A. Ellis
          gae.@freiwaldlaw.com
          Attorney ID No.: 93777
By:     Zachary S. Feinberg
          zsf@freiwaldlaw.com
          Attorney ID No.: 325297
1500 Walnut Street
Eighteenth Floor
Philadelphia PA 19102
(215) 875-8000                                   Attorneys for Plaintiff

| | |
|---|---|
| CLIFTON SUKHU<br><br>v.<br><br>PEPPERIDGE FARM, INC. | COURT OF COMMON PLEAS<br>MONTGOMERY COUNTY<br><br>NO. 2020-14919<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT
## [MOTOR VEHICLE – 2V]

Plaintiff Clifton Sukhu, by and through his undersigned counsel, Freiwald Law, P.C.,

hereby files this Complaint against Defendant and aver as follows:

## I.     INTRODUCTION

1.      This action stems from a motor vehicle collision wherein Francoise P.

Errandonea, carelessly and negligently reversed his vehicle into the Plaintiff Dr. Sukhu, who was

sitting in his car waiting for a friend to exit the Bahama Breeze restaurant.  Mr. Errandonea, who

is a resident of New York, was at the Bahama Breeze in King of Prussia as part of a multi-state

multi-facility work trip on behalf of Defendant Pepperidge Farm, Inc.  As a result of the

accident, the Plaintiff has suffered significant and permanent back and neck pain, which will

require surgery, that has left him incapacitated and forced him leave his job as a physician.

Case# 2020-14919-4 Docketed at Montgomery County Prothonotary on 02/23/2021 9:03 AM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## II.    PARTIES

2.    At all relevant times, the Plaintiff Clifton Sukhu, M.D. was an adult resident of the Commonwealth of Pennsylvania residing in King of Prussia, Pennsylvania.  After the collision, the Plaintiff relocated to Florida in order to stay with family members who could help and care for him.  The Plaintiff's current address is 3884 Cabo Rojo Dr., Saint Cloud, FL 34772.

3.    At all relevant times, Plaintiff was inside his parked vehicle a 2013 Lexus GS350 with a Pennsylvania license plate number KDH6265.

4.    Defendant Pepperidge Farm, Inc. is a corporation or other legal entity incorporated under the laws of Connecticut with a principal place of business located at 595 Westport Avenue, Norwalk, Connecticut 06851.

5.    Francois P. Errandonea is an adult resident of the state of New York residing at 22 Suffern Avenue, Suffern, New York 10901.

6.    At all relevant times, Mr. Errandonea was employed by Defendant as a senior process engineer with his primary work location being in Norwalk, Connecticut.  Mr. Errandonea frequently made multi-state multi-facility work trips on behalf of Defendant.  Since those trips are directed by and for the benefit of Defendant, all of Mr. Errandonea's expenses including his mileage, hotel, and meals were paid by Defendant.

7.    At all relevant times, Mr. Errandonea was driving a 2012 Toyota Rav-4 with a New Jersey license plate number ST1593.

8.    The motor vehicle collision at issue in this case took place outside of the Bahama Breeze restaurant located at 320 Goddard Boulevard in Upper Merion Township, Pennsylvania.

Case# 2020-14919-4 Docketed at Montgomery County Prothonotary on 02/23/2021 9:03 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

9.      The motor vehicle collision took place while Mr. Errandonea was on a multi-state multi-facility work trip for his employer traveling from Connecticut to one of Defendant's locations in Central Pennsylvania, either in Denver or Downingtown.

10.     Defendant Pepperidge Farm is vicariously liable for the conduct of its employee Mr. Errandonea, who was acting within the course and scope of his employment at the time of the collision.

## III.    PROCEDURAL HISTORY

11.     This action was commenced by Writ of Summons on September 17, 2020.

12.     Prior to this action, Plaintiff filed a Civil Action Complaint against Mr. Errandonea on May 31, 2019.  This action is presently docketed in Montgomery County, Case No. 2019-25350 (the "Errandonea Action").  Shortly after filing this Complaint, Plaintiff will be seeking to consolidate the two actions.

13.     On September 16, 2020, Plaintiff took the deposition of Mr. Errandonea in the Errandonea Action.

14.     During his deposition, Mr. Errandonea revealed for the first time that he was traveling on a multi-state multi-facility work trip for his employer when he caused the collision with Plaintiff.

15.     Plaintiff filed the Praecipe for Writ of Summons to commence this action the day after the deposition of Mr. Errandonea.

## IV.    FACTUAL BACKGROUND

16.     As noted above, Mr. Errandonea is employed by Defendant as a senior process engineer and his primary work location is Defendant's Norwalk, Connecticut headquarters.

Case# 2020-14919-4 Docketed at Montgomery County Prothonotary on 02/23/2021 9:03 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

17.     However, as part of this job, Mr. Errandonea regularly is required to use his own personal vehicle to travel to Defendant's various in-state and out of state manufacturing facilities.

18.     On August 20, 2018, Mr. Errandonea was on a work trip, which took him more than 170 miles from his usual work location, on behalf of Defendant. In specific, Mr. Errandonea was directed by Defendant to travel from Connecticut to Central Pennsylvania to work at Defendant's bakery in either Denver or Downingtown.

19.     Due to the location of Defendant's bakeries in Central Pennsylvania, there were no alternative means of transportation available to Mr. Errandonea, such as a train or a bus. Defendant knew and approved of Mr. Errandonea's use of his personal vehicle for his work-related trips.

20.     As was Defendant's customary policy and practice for required work trips of this nature, they covered all expenses for Mr. Errandonea, including his hotel costs, his mileage, his meals, etc.

21.     In fact, on prior trips, Mr. Errandonea had stopped for dinner at the King of Prussia Bahama Breeze location because of its proximity to the Pennsylvania Turnpike and the hotel that Defendant had reserved for him.

22.     On August 20, 2018, at some time prior to 10 p.m., Mr. Errandonea arrived at the King of Prussia Bahama Breeze.

23.     At approximately 10:00 p.m., the Plaintiff Dr. Sukhu pulled up to the left of the main entrance of the Bahama Breeze restaurant and parked behind Defendant's car.

24.     Plaintiff Dr. Sukhu was at the Bahama Breeze restaurant to pick up his friend.

Case# 2020-14919-4 Docketed at Montgomery County Prothonotary on 02/23/2021 9:03 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

25.     Shortly thereafter, Mr. Errandonea exited the Bahama Breeze and entered his vehicle.

26.     The Plaintiff's friend exited the Bahama Breeze restaurant right after the Mr. Errandonea.   It should be noted that the Plaintiff's friend had been seated across from Mr. Errandonea at the Bahama Breeze bar.

27.     After exiting the Bahama Breeze and entering his car, Mr. Errandonea without looking to see who was behind him quickly reversed his vehicle and violently collided with the passenger side of Plaintiff's vehicle.

28.     Again, Mr. Errandonea was only in King of Prussia on August 20, 2018 because he was on a mandatory work trip for his employer, Defendant Pepperidge Farm.

29.     As a result of the collision, the Plaintiff was thrown about the interior of his vehicle and sustained serious and permanent injuries to his neck and back.

30.     According to scans taken on September 29, 2020, the collision caused Plaintiff to suffer broad based posterior disc herniations from the C3-4 through the C6-7 levels.  The radiologist reviewing the September 29, 2020 MRI results noted that these herniations were present on the prior studies from February 26, 2019 and September 27, 2018.

31.     Shortly thereafter, the Plaintiff began treatment for debilitating neck pain and headaches, among other injuries.

32.     Despite these treatments, the Plaintiff continues to suffer daily pain.

33.     Plaintiff's pain is severely impairing his ability to manage his activities of daily living to the point he has been forced to leave his job and move in with his parents in Florida.

34.     The Plaintiff was forced to take disability leave beginning on February 8, 2019.

Case# 2020-14919-4 Docketed at Montgomery County Prothonotary on 02/23/2021 9:03 AM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

35.     The Plaintiff's doctors have recommended that he undergo anterior cervical discectomy fixation and fusion (ACDF/F) surgery to help try to alleviate his constant pain.

36.     In addition, the Plaintiff has developed severe depression due to his unrelenting pain and inability to work.

37.     The injuries and losses described above are in no way due to any act or in omissions on the part of Plaintiff.

38.     As a direct and proximate result of the aforesaid negligence and carelessness of Mr. Errandonea, Plaintiff has been and may in the future be required to spend significant sums of money for medical services and treatment for injuries sustained as mentioned here.

39.     As a direct and proximate result of the negligence and carelessness of Mr. Errandonea, Plaintiff has and will continue to have great mental anguish, physical injuries and physical pain as a result of which he has suffered and will continue to suffer for an indefinite period of time in the future.

40.     As a direct and proximate result of the negligence and carelessness of Mr. Errandonea, Plaintiff has sustained uncompensated work loss, loss of potential earnings, loss of business opportunities, and a claim is made thereof.

41.     Since Mr. Errandonea was at the Bahama Breeze at the direction and on a mission in furtherance of the business interests of his employer, Defendant is variously liable for Mr. Errandonea's negligence and responsible for Plaintiff's damages.

42.     As a direct and proximate result of the carelessness and/or negligent omission of Mr. Errandonea and his employer Defendant Pepperidge Farm, Plaintiff Dr. Sukhu was caused to suffer:

      a.    straightening of the normal cervical lordotic curvature which can be seen with muscle spasm due to ligamentous sprain and/or disc injury;

Case# 2020-14919-4 Docketed at Montgomery County Prothonotary on 02/23/2021 9:03 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

b.     C3-4 broad based posterior disc herniation resulting in mild to moderate central canal stenosis with impingement of the anterior thecal sac and impingement of the spinal cord;

c.     C4-5 broad based posterior disc herniation resulting in impingement of the thecal sac and impingement and flattening of the spinal cord, with mild to moderate central canal stenosis;

d.     C5-6 broad based posterior disc herniation resulting in moderate central canal stenosis with impingement and flattening of the spinal cord;

e.     C6-7 broad based posterior disc herniation resulting in impingement of the thecal sac;

f.     Need for anterior cervical discectomy fixation and fusion (ACDF/F);

g.     cervical disc degeneration;

h.     cervical central canal stenosis;

i.     cervical radiculitis;

j.     neck pain;

k.     neck pain radiating into the left arm in a C7, C8 distribution;

l.     back pain;

m.     possible surgical care;

n.     depression;

o.     headaches;

p.     humiliation and emotional distress;

q.     mental anguish;

r.     need for medication as a result of pain;

s.     other injuries recorded and described in the medical records;

t.     past and future pain and suffering;

u.     past and future medical bills and expenses;

v.     past and future economic damages;

Case# 2020-14919-4 Docketed at Montgomery County Prothonotary on 02/23/2021 9:03 AM. Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

w.    past and future lost income;

x.    accidental expenses; and

y.    property damage.

## V.    CLAIMS

### COUNT I - NEGLIGENCE
### Plaintiff Clifton Sukhu, M.D. v. Defendant Pepperidge Farm, Inc.

43.    The previous paragraphs are incorporated here by reference.

44.    As a corporation, Defendant acts through the conduct of its agents, servants, employees, and ostensible agents, including Mr. Errandonea.

45.    Accordingly, Defendant is liable and responsible for the negligence of its agents, servants, employees, and ostensible agents, including Mr. Errandonea.

46.    The injuries suffered by Plaintiff Clifton Sukhu, M.D. were a direct and proximate result of the negligence and carelessness of Mr. Errandonea and were due in no manner to any act or failure to act on the part of the Plaintiff.

47.    The negligence and outrageous conduct of Defendant's employee Mr. Errandonea consisted of:

a.    failing to have his vehicle under proper and adequate control;

b.    operating his vehicle in a negligent manner;

c.    failure to stop in a timely manner;

d.    failure to brake;

e.    operating his vehicle in an unsafe manner;

f.    operating his vehicle in violation of the Motor Vehicle Code;

g.    failure to exercise reasonable care under the circumstances;

h.    failure to keep a proper lookout and/or looking back while reversing;

Case# 2020-14919-4 Docketed at Montgomery County Prothonotary on 02/23/2021 9:03 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

     i.      failing to stop before striking Plaintiff;

     j.      failure to obey all applicable controls;

     k.     operating his vehicle without due regard for the surrounding traffic conditions;

     l.      failing to take evasive action to avoid striking Plaintiff; and

     m.    operating said motor vehicle without due regard to the rights, safety and position of Plaintiff.

48.    Defendant's actions and the actions of its employee described here constitute a breach of duty of care and were the direct and proximate result of Plaintiff's damages.

49.    Defendant Pepperidge Farm, Inc. is vicariously liable for the conduct of Mr. Errandonea.

50.    As a direct and proximate result of the aforesaid negligence and carelessness of Defendant and its employee, Plaintiff has sustained injuries as described above.

51.    Plaintiff sustained injuries that are serious and permanent and have involved serious impairment of their bodily function.

WHEREFORE, Plaintiff Clifton Sukhu request judgment be entered in his favor against Defendant in the amount and in excess of Fifty Thousand Dollars ($50,000.00), together with interest costs, attorneys' fees, and whatever additional relief the Court deems appropriate.

**FREIWALD LAW, P.C.**

BY: _____

GLENN A. ELLIS, ESQUIRE
ZACHARY S. FEINBERG, ESQUIRE
Counsel for Plaintiff

Date: February 22, 2021

## **VERIFICATION**

I, Clifton Sukhu, Plaintiff in the foregoing action, hereby verify that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and/or belief. I understand that false statements hereunder made are subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsifications to authorities.

_____
**CLIFTON SUKHU**

Date: _02 / 22 / 2021_

Case# 2020-14919-4 Docketed at Montgomery County Prothonotary on 02/23/2021 9:03 AM, Fee = $0.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

-11-