# IN THE UNITED STATED DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLIFTON SUKHU<br><br>v.<br><br>PEPPERIDGE FARM, INC. | CIVIL ACTION<br><br>NO. 21-1372 |

## AMENDED COMPLAINT

Plaintiff Clifton Sukhu, by and through his undersigned counsel, Freiwald Law, P.C., hereby files this Complaint against Defendant and aver as follows:

**I.   INTRODUCTION**

1.   This action stems from a motor vehicle collision wherein Francoise P. Errandonea, carelessly and negligently reversed his vehicle into the Plaintiff Dr. Sukhu, who was sitting in his car waiting for a friend to exit the Bahama Breeze restaurant.  Mr. Errandonea, who is a resident of New York, was at the Bahama Breeze in King of Prussia as part of a multi-state multi-facility work trip on behalf of Defendant Pepperidge Farm, Inc.  As a result of the accident, the Plaintiff has suffered significant and permanent back and neck pain, which will require surgery, that has left him incapacitated and forced him leave his job as a physician.

**II.   PARTIES**

2.   At all relevant times, the Plaintiff Clifton Sukhu, M.D. was an adult resident of the Commonwealth of Pennsylvania residing in King of Prussia, Pennsylvania.  After the collision, the Plaintiff relocated to Florida in order to stay with family members who could help and care for him.  The Plaintiff's current address is 3884 Cabo Rojo Dr., Saint Cloud, FL 34772.

3.   At all relevant times, Plaintiff was inside his parked vehicle a 2013 Lexus GS350 with a Pennsylvania license plate number KDH6265.

4. Defendant Pepperidge Farm, Inc. is a corporation or other legal entity incorporated under the laws of Connecticut with a principal place of business located at 595 Westport Avenue, Norwalk, Connecticut 06851.

5. Francois P. Errandonea is an adult resident of the state of New York residing at 22 Suffern Avenue, Suffern, New York 10901.

6. At all relevant times, Mr. Errandonea was employed by Defendant as a senior process engineer with his primary work location being in Norwalk, Connecticut. Mr. Errandonea frequently made multi-state multi-facility work trips on behalf of Defendant. Since those trips are directed by and for the benefit of Defendant, all of Mr. Errandonea's expenses including his mileage, hotel, and meals were paid by Defendant.

7. At all relevant times, Mr. Errandonea was driving a 2012 Toyota Rav-4 with a New Jersey license plate number ST1593.

8. The motor vehicle collision at issue in this case took place outside of the Bahama Breeze restaurant located at 320 Goddard Boulevard in Upper Merion Township, Pennsylvania.

9. The motor vehicle collision took place while Mr. Errandonea was on a multi-state multi-facility work trip for his employer traveling from Connecticut to one of Defendant's locations in Central Pennsylvania, either in Denver or Downingtown.

10. Defendant Pepperidge Farm is vicariously liable for the conduct of its employee Mr. Errandonea, who was acting within the course and scope of his employment at the time of the collision.

**III.    PROCEDURAL HISTORY**

11.    This action was commenced by Writ of Summons on September 17, 2020.

12.    Prior to this action, Plaintiff filed a Civil Action Complaint against Mr. Errandonea on May 31, 2019.  This action is presently docketed in Montgomery County, Case No. 2019-25350 (the "Errandonea Action").

13.    On January 17, 2020, Plaintiff Dr. Sukhu served discovery requests on Mr. Errandonea in the Errandonea Action.  Mr. Errandonea served responses to Interrogatories on February 21, 2020.  In his responses to Interrogatories, Mr. Errandonea failed disclose that he was on a work trip at the time of the collision.  The following response is illustrative of where Mr. Errandonea failed to disclose this information:

> "**6.    Please identify the circumstances under which the driver was using the vehicle involved in the motor vehicle accident described in Plaintiff's Complaint.**
>
> **RESPONSE: Pulling out of parking space."**

14.    Further, Plaintiff Dr. Sukhu's Interrogatories and Request for Production of Documents requested that Mr. Errandonea identify all applicable insurance coverages.  Mr. Errandonea failed to conduct any investigation into whether he would be covered under his employer's insurance policies, despite the fact that he was driving within the course and scope of his employment at the time of the collision.

15.    On July 8, 2020, Plaintiff Dr. Sukhu requested Mr. Errandonea to provide dates for his deposition in August of 2020.  Having not received any dates for Mr. Errandonea's deposition, counsel for Plaintiff followed up on July 31, 2020 to request dates again.  After still not receiving dates for Mr. Errandonea's deposition, counsel for Plaintiff followed up against on August 5, 2020.

16. On September 16, 2020, Plaintiff took the deposition of Mr. Errandonea in the Errandonea Action.

17. During his deposition, Mr. Errandonea revealed for the first time that he was traveling on a multi-state multi-facility work trip for his employer when he caused the collision with Plaintiff.

18. In his deposition, Mr. Errandonea testified that he could not recall if he informed anyone at employment that he had been in a motor vehicle collision during his multi-state multi-facility work trip.

19. Plaintiff filed the Praecipe for Writ of Summons to commence this action the day after the deposition of Mr. Errandonea.

20. Had Mr. Errandonea not concealed the fact that he was on a work trip in his responses to Plaintiff Dr. Sukhu's discovery requests then Plaintiff Dr. Sukhu would have filed this action against Defendant Pepperidge Farm within two years of the collision giving rise to this action.

21. Despite Plaintiff Dr. Sukhu's reasonable efforts to secure a date for the deposition of Mr. Errandonea within two years of the collision giving rise to this action, due to Mr. Errandonea's non-responsiveness to requests and other scheduling issues, including the COVID-19 pandemic, Plaintiff Dr. Sukhu was unable to depose Mr. Errandonea until September of 2020.

22. Had Mr. Errandonea disclosed the collision to his employer, Defendant Pepperidge Farm, his employer would have come to the conclusion that Mr. Errandonea was a covered insured while driving on the work trip – a conclusion that they have since reached.

23. Plaintiff Dr. Sukhu filed this action immediately upon learning that Mr. Errandonea was driving within the course and scope of his employment.

24. Shortly after filing this Complaint, Plaintiff filed a motion to consolidate this action with the Errandonea Action. However, Defendant Pepperidge Farm filed its Notice of Removal while the motion to consolidate was pending.

25. On April 6, 2021, Natalie Plummer, counsel of record for Defendant Pepperidge Farm emailed counsel for Plaintiff and stated, "I have been advised that Zurich has determined that excess coverage will be afforded to Mr. Errandonea for this loss based on the current information." Zurich refers to the insurance company for Defendant Pepperidge Farm.

## IV. FACTUAL BACKGROUND

26. As noted above, Mr. Errandonea is employed by Defendant as a senior process engineer and his primary work location is Defendant's Norwalk, Connecticut headquarters.

27. However, as part of this job, Mr. Errandonea regularly is required to use his own personal vehicle to travel to Defendant's various in-state and out of state manufacturing facilities.

28. On August 20, 2018, Mr. Errandonea was on a work trip, which took him more than 170 miles from his usual work location, on behalf of Defendant. In specific, Mr. Errandonea was directed by Defendant to travel from Connecticut to Central Pennsylvania to work at Defendant's bakery in either Denver or Downingtown.

29. Due to the location of Defendant's bakeries in Central Pennsylvania, there were no alternative means of transportation available to Mr. Errandonea, such as a train or a bus. Defendant knew and approved of Mr. Errandonea's use of his personal vehicle for his work-related trips.

30. As was Defendant's customary policy and practice for required work trips of this nature, they covered all expenses for Mr. Errandonea, including his hotel costs, his mileage, his meals, etc.

31. In fact, on prior trips, Mr. Errandonea had stopped for dinner at the King of Prussia Bahama Breeze location because of its proximity to the Pennsylvania Turnpike and the hotel that Defendant had reserved for him.

32. On August 20, 2018, at some time prior to 10 p.m., Mr. Errandonea arrived at the King of Prussia Bahama Breeze.

33. At approximately 10:00 p.m., the Plaintiff Dr. Sukhu pulled up to the left of the main entrance of the Bahama Breeze restaurant and parked behind Defendant's car.

34. Plaintiff Dr. Sukhu was at the Bahama Breeze restaurant to pick up his friend.

35. Shortly thereafter, Mr. Errandonea exited the Bahama Breeze and entered his vehicle.

36. The Plaintiff's friend exited the Bahama Breeze restaurant right after the Mr. Errandonea. It should be noted that the Plaintiff's friend had been seated across from Mr. Errandonea at the Bahama Breeze bar.

37. After exiting the Bahama Breeze and entering his car, Mr. Errandonea without looking to see who was behind him quickly reversed his vehicle and violently collided with the passenger side of Plaintiff's vehicle.

38. Again, Mr. Errandonea was only in King of Prussia on August 20, 2018 because he was on a mandatory work trip for his employer, Defendant Pepperidge Farm.

39. As a result of the collision, the Plaintiff was thrown about the interior of his vehicle and sustained serious and permanent injuries to his neck and back.

40. According to scans taken on September 29, 2020, the collision caused Plaintiff to suffer broad based posterior disc herniations from the C3-4 through the C6-7 levels. The radiologist reviewing the September 29, 2020 MRI results noted that these herniations were present on the prior studies from February 26, 2019 and September 27, 2018.

41. Shortly thereafter, the Plaintiff began treatment for debilitating neck pain and headaches, among other injuries.

42. Despite these treatments, the Plaintiff continues to suffer daily pain.

43. Plaintiff's pain is severely impairing his ability to manage his activities of daily living to the point he has been forced to leave his job and move in with his parents in Florida.

44. The Plaintiff was forced to take disability leave beginning on February 8, 2019.

45. The Plaintiff's doctors have recommended that he undergo anterior cervical discectomy fixation and fusion (ACDF/F) surgery to help try to alleviate his constant pain.

46. In addition, the Plaintiff has developed severe depression due to his unrelenting pain and inability to work.

47. The injuries and losses described above are in no way due to any act or in omissions on the part of Plaintiff.

48. As a direct and proximate result of the aforesaid negligence and carelessness of Mr. Errandonea, Plaintiff has been and may in the future be required to spend significant sums of money for medical services and treatment for injuries sustained as mentioned here.

49. As a direct and proximate result of the negligence and carelessness of Mr. Errandonea, Plaintiff has and will continue to have great mental anguish, physical injuries and physical pain as a result of which he has suffered and will continue to suffer for an indefinite period of time in the future.

50. As a direct and proximate result of the negligence and carelessness of Mr. Errandonea, Plaintiff has sustained uncompensated work loss, loss of potential earnings, loss of business opportunities, and a claim is made thereof.

51. Since Mr. Errandonea was at the Bahama Breeze at the direction and on a mission in furtherance of the business interests of his employer, Defendant is variously liable for Mr. Errandonea's negligence and responsible for Plaintiff's damages.

52. As a direct and proximate result of the carelessness and/or negligent omission of Mr. Errandonea and his employer Defendant Pepperidge Farm, Plaintiff Dr. Sukhu was caused to suffer:

    a. straightening of the normal cervical lordotic curvature which can be seen with muscle spasm due to ligamentous sprain and/or disc injury;

    b. C3-4 broad based posterior disc herniation resulting in mild to moderate central canal stenosis with impingement of the anterior thecal sac and impingement of the spinal cord;

    c. C4-5 broad based posterior disc herniation resulting in impingement of the thecal sac and impingement and flattening of the spinal cord, with mild to moderate central canal stenosis;

    d. C5-6 broad based posterior disc herniation resulting in moderate central canal stenosis with impingement and flattening of the spinal cord;

    e. C6-7 broad based posterior disc herniation resulting in impingement of the thecal sac;

    f. Need for anterior cervical discectomy fixation and fusion (ACDF/F);

    g. cervical disc degeneration;

    h. cervical central canal stenosis;

    i. cervical radiculitis;

    j. neck pain;

    k. neck pain radiating into the left arm in a C7, C8 distribution;

    l.    back pain;

    m.    possible surgical care;

    n.    depression;

    o.    headaches;

    p.    humiliation and emotional distress;

    q.    mental anguish;

    r.    need for medication as a result of pain;

    s.    other injuries recorded and described in the medical records;

    t.    past and future pain and suffering;

    u.    past and future medical bills and expenses;

    v.    past and future economic damages;

    w.    past and future lost income;

    x.    accidental expenses; and

    y.    property damage.

## V.   CLAIMS

### COUNT I - NEGLIGENCE
### Plaintiff Clifton Sukhu, M.D. v. Defendant Pepperidge Farm, Inc.

53.    The previous paragraphs are incorporated here by reference.

54.    As a corporation, Defendant acts through the conduct of its agents, servants, employees, and ostensible agents, including Mr. Errandonea.

55.    Accordingly, Defendant is liable and responsible for the negligence of its agents, servants, employees, and ostensible agents, including Mr. Errandonea.

56. The injuries suffered by Plaintiff Clifton Sukhu, M.D. were a direct and proximate result of the negligence and carelessness of Mr. Errandonea and were due in no manner to any act or failure to act on the part of the Plaintiff.

57. The negligence and outrageous conduct of Defendant's employee Mr. Errandonea consisted of:

    a. failing to have his vehicle under proper and adequate control;

    b. operating his vehicle in a negligent manner;

    c. failure to stop in a timely manner;

    d. failure to brake;

    e. operating his vehicle in an unsafe manner;

    f. operating his vehicle in violation of the Motor Vehicle Code;

    g. failure to exercise reasonable care under the circumstances;

    h. failure to keep a proper lookout and/or looking back while reversing;

    i. failing to stop before striking Plaintiff;

    j. failure to obey all applicable controls;

    k. operating his vehicle without due regard for the surrounding traffic conditions;

    l. failing to take evasive action to avoid striking Plaintiff; and

    m. operating said motor vehicle without due regard to the rights, safety and position of Plaintiff.

58. Defendant's actions and the actions of its employee described here constitute a breach of duty of care and were the direct and proximate result of Plaintiff's damages.

59. Defendant Pepperidge Farm, Inc. is vicariously liable for the conduct of Mr. Errandonea.

60. As a direct and proximate result of the aforesaid negligence and carelessness of Defendant and its employee, Plaintiff has sustained injuries as described above.

61. Plaintiff sustained injuries that are serious and permanent and have involved serious impairment of their bodily function.

WHEREFORE, Plaintiff Clifton Sukhu request judgment be entered in his favor against Defendant in the amount and in excess of Seventy Fifty Thousand Dollars ($75,000.00), together with interest costs, attorneys 'fees, and whatever additional relief the Court deems appropriate.

**FREIWALD LAW, P.C.**

BY: _____
GLENN A. ELLIS, ESQUIRE
Counsel for Plaintiff
1500 Walnut Street, 18th Floor
Philadelphia, PA 19102
(215) 875-8000

Date: April 20, 2021

IN THE UNITED STATED DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLIFTON SUKHU<br><br>v.<br><br>PEPPERIDGE FARM, INC. | CIVIL ACTION<br><br>NO. 21-1372 |

**CERTIFICATE OF SERVICE**

I, Glenn A. Ellis, Esquire, hereby certify that a copy of the Amended Complaint was served by the Court's electronic filing system upon the following. Any party not registered with the Court's electronic filing system has been served via electronic mail.

    Natalie S. Plummer, Esquire
    Bennett Bricklin & Saltzburg, LLC
    Centre Square, West Tower
    1500 Market Street, 32nd Floor
    Philadelphia, PA 19102

                                                                           GLENN A. ELLIS, ESQUIRE

Date: April 20, 2021